UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEWAZE LAXOTTER WHITFIELD,<br><br>           Plaintiff,<br><br>      v.<br><br>SMOLICH,<br><br>           Defendant. | No. 2:21-cv-1218 DB P<br><br><br>ORDER |

Plaintiff, a county inmate proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint was filed on July 9, 2021. (ECF No. 1.) Plaintiff has not paid the required filing fee of $350.00 plus the $52.00 administrative fee nor has he filed an application to proceed in forma pauperis. See 28 U.S.C. §§ 1914(a) & 1915(a). Plaintiff will be granted thirty (30) days to pay the filing fee in full or submit a properly completed application to proceed in forma pauperis.

Plaintiff is cautioned that the in forma pauperis application form includes a section that must be completed by a prison official, and the form must be accompanied by a certified copy of plaintiff's prison trust account statement for the six-month period immediately preceding the filing of this action.

Additionally, the complaint is not signed or dated. (ECF No. 1 at 3.) The court cannot consider unsigned filings, and the complaint must therefore be stricken from the record. Fed. R.

1  Civ. P. 11(a); E.D. Cal. R. 131.  Plaintiff will be provided thirty (30) days to file a signed and
2  appropriately dated complaint.  Failure to submit a signed amended complaint will result in a
3  recommendation that this action be dismissed.

4  Plaintiff should also ensure that an amended complaint complies with the pleading
5  requirements.  Below, the court sets out the pleading standards and the legal standards which
6  appear to apply to plaintiff's claims.  Before filing an amended complaint, plaintiff should review
7  his complaint to ensure it complies with these standards.

8  **I.     Pleading Standards**

9  The court is required to screen complaints brought by prisoners seeking relief against a
10 governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §
11 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims
12 that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
13 granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28
14 U.S.C. § 1915A(b)(1) & (2).

15 A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
16 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
17 Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
18 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
19 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
20 pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of
21 the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim
22 showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what
23 the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S.
24 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

25 However, in order to survive dismissal for failure to state a claim a complaint must
26 contain more than "a formulaic recitation of the elements of a cause of action;" it must contain
27 factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,
28 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See <u>Monell v. Dept. of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

Therefore, to state a claim under § 1983, plaintiff must clearly identify each defendant and describe just what that defendant did that violated his constitutional rights. Plaintiff is also warned that the court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant.

Plaintiff should carefully review the legal standards set out below to determine whether a defendant's conduct amounts to a constitutional violation.

**II.    Legal Standards**

**A.  Excessive Force**

The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. <u>Whitley v. Albers</u>, 475 U.S. 312, 319 (1986); <u>Ingraham v. Wright</u>, 430 U.S. 651, 670 (1977); <u>Estelle v. Gamble</u>, 429 U.S. 97, 105-06 (1976). Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." <u>Whitley</u>, 475 U.S. at 319.

1  What is needed to show unnecessary and wanton infliction of pain "varies according to
2  the nature of the alleged constitutional violation." Hudson v. McMillian, 503 U.S. 1, 5 (1992)
3  (citing Whitley, 475 U.S. at 320). In order to prevail on a claim of cruel and unusual punishment,
4  however, a prisoner must allege and prove that objectively he suffered a sufficiently serious
5  deprivation and that subjectively prison officials acted with deliberate indifference in allowing or
6  causing the deprivation to occur. Wilson v. Seiter, 501 U.S. 294, 298-99 (1991).

7  For claims arising out of the use of excessive physical force, the issue is "'whether force
8  was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically
9  to cause harm.'" Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curiam) (quoting Hudson, 503
10 U.S. at 7). The objective component of an Eighth Amendment claim is contextual and responsive
11 to contemporary standards of decency, Hudson, 503 U.S. at 8, and although de minimis uses of
12 force do not violate the Constitution, the malicious and sadistic use of force to cause harm always
13 violates contemporary standards of decency, regardless of whether or not significant injury is
14 evident, Wilkins, 559 U.S. at 37-8 (citing Hudson, 503 U.S. at 9-10).
15 ////
16 ////
17 ////
18 ////
19 ////
20 ////
21 ////
22 ////
23 ////
24 ////
25 ////
26 ////
27 ////
28 ////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Within thirty days from the date of this order, petitioner shall file a signed and dated complaint;
2. Plaintiff shall submit, within thirty days from the date of this order, either the $350.00 filing fee plus the $52.00 administrative fee or a properly completed application to proceed in forma pauperis on the form provided with this order;
3. Plaintiff is cautioned that failure to comply with this order or seek an extension of time to do so will result in dismissal of this action without prejudice; and
4. The Clerk of the Court is directed to send plaintiff an Application to Proceed In Forma Pauperis By a Prisoner for use in a civil rights action.

Dated: July 20, 2021

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB:1/Orders/Prisoner/Civil_Rights/R/whit1218.3a